IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LEVI JACKSON CARREJO,
          Debtor.                           Case No. 08-10700


ZIA CREDIT UNION,

          Plaintiff,
v.

LEVI JACKSON CARREJO

          Defendant.                        Adversary No. 08-1136

MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This motion is before the Court on Plaintiff's Motion for Summary Judgment (doc 16), Defendant's Response (doc 18) and Plaintiff's Reply (doc 22). Plaintiff appears through its attorney Aldridge, Grammer, Jeffrey & Hammar, P.A. (Kevin D. Hammar). Defendant appears through his attorney Moore, Berkson & Gandarilla, P.C. (George M. Moore, Esq.). This is a core proceeding, 28 USC § 157 (b)(2)(I). For the reasons set forth herein, the Court will deny the motion.

Federal Rule of Civil Procedure 56(c) provides, in part, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining the facts for summary judgment purposes, the Court may rely on affidavits made with personal knowledge that set

forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to the affidavits. Fed.R.Civ.P. 56(e). The court does not try the case on competing affidavits or depositions; the court's function is only to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Finally the court examines the factual record and reasonable inferences therefrom in the light of the nonmovant. Thomas v. International Business Machines, 48 F.3d 478, 484 (10th Cir. 1995); Cole v. Ruidoso Municipal Schools, 43 F.3d 1373, 1377 (10th Cir. 1994).

In order to establish that a debt may not be discharged based on false pretense, a false representation, or actual fraud, the plaintiff must establish the following elements: 1) that the Defendant made a false representation, 2) that the representation was made with intent to deceive, 3) that the party justifiably relied on the representation; and 4) that as a result of the false representation the party was damaged. In re Lucas, 386 B.R. 332, 337-38 (Bankr. D. N.M. 2008)(citing Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1373 (10th Cir. 1996) and Field v. Mans, 516 U.S. 59, 69-76 (1995)).

Plaintiff's Motion focuses on an alleged misrepresentation by Defendant regarding the use of proceeds of a loan. Plaintiff claims that Defendant stated the proceeds were to be used for a

residential property, and had it known that the proceeds would not be put to such use it never would have loaned the money.

Plaintiff's Motion contains ten material facts in support of its claim that Defendant's debt should not be discharged. Under N.M. LBR 7056-1, an opponent of a summary judgment motion must affirmatively respond to each proposed fact and, if a fact is contradicted the opponent must cite to supporting material in the record:

> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted unless specifically controverted.

N.M. LBR 7056-1. Defendant's response disputes four facts by stating that a genuine issue exists as to these facts. Each of the disputed facts is properly supported by a reference to the record. The response suggests[1] that Debtor did not intend to deceive the Plaintiff regarding whether the subject property was finished or unfinished, or whether the loan was an owner-occupied residential loan or a commercial loan. And, Defendant believed that the Plaintiff knew that he was not going to occupy the property. The Court therefore finds that there are at least two

---

[1] Recall that the Court must examine the record in a light most favorable for the nonmovant. Thomas, 48 F.3d at 484.

genuine issues of material fact such that summary judgment is not appropriate in this case.

First, there is a question of intent. Questions of fact concerning a party's intent are difficult to resolve on summary judgment. "[Q]uestions of intent, which involve intangible factors including witness creditability [sic], are matters for consideration of the fact finder after a full trial." Prochaska v. Marcoux, 632 F.2d 848, 851 (10th Cir. 1980), cert. denied, 451 U.S. 984 (1981)(citing Buell Cabinet Co. v. Sudduth, 608 F.2d 431 (10th Cir. 1979)). The record creates a sufficient question of fact regarding Defendant's intent at the time of the loan that precludes the Court from granting summary judgment in favor of Zia Credit Union.

Second, there is a question of justifiable reliance. In drawing the distinction between reasonable reliance and justifiable reliance, the Supreme Court looked to the Restatement (Second) of Torts (1976) and stated:

> The Restatement expounds upon justifiable reliance by explaining that a person is justified in relying on a representation of fact "although he might have ascertained the falsity of the representation had he made an investigation." ... "Although the plaintiff's reliance on the misrepresentation must be justifiable ... this does not mean that his conduct must conform to the standard of the reasonable man. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." ... Justifiability is not without some limits, however. ... [A] person is "required to use his senses, and cannot

Case 08-01136-t    Doc 23    Filed 04/12/10    Entered 04/12/10 09:58:34 Page 4 of 6

>     recover if he blindly relies upon a misrepresentation
>     the falsity of which would be patent to him if he had
>     utilized his opportunity to make a cursory examination
>     or investigation.

Field v. Mans, 516 U.S. 59, 70-71 (1995)(quoting Restatement (Second) of Torts, §§ 537, 540, 541 and 545A (1976)). The record creates a sufficient question of fact regarding what Plaintiff knew or should be deemed to have known at the time of the loan that indicates that Plaintiff's reliance may not have been justifiable. This also precludes the Court from granting summary judgment in favor of Zia Credit Union.

The Court will enter an Order denying the Motion for Summary Judgment. The Court will also, by separate notice, set a final pretrial conference.

_/s/ James S. Starzynski_
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: April 12, 2010

Copies to:

Kevin D Hammar
1212 Pennsylvania St NE
Albuquerque, NM 87110-7410

Arin Elizabeth Berkson
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

George M Moore
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194